UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

VICTORIA LEE NETTESHEIM,

        Plaintiff,

        v.                                      Case No. 10-C-1020

MICHAEL J. ASTRUE,

        Defendant.

ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412

Plaintiff, Victoria Nettesheim, has filed a motion for attorney's fees of $8,918.50 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. The Commissioner asks the court to reduce the fees requested on the ground that 50.30 hours claimed for work on this case is excessive, and that the fees allowed be paid to Nettesheim rather than to her attorney. However, the Commissioner "does not object to the hourly rates of $172.50 for 2010, $177.50 for 2011, and $181.25 for 2012, as those rates accurately reflect the statutory maximum of $125 per hour adjusted for the cost-of-living." For the reasons set forth below, plaintiff's motion will be granted.

Under the EAJA, a prevailing party in litigation against the federal government is entitled to attorney's fees if: (1) the government's pre-litigation or litigation positions were not substantially justified; (2) no special circumstances exist that would make an award unjust; and (3) the request is timely filed with the district court. *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006). The party's motion must be supported by an itemized statement from the party's attorney "stating the actual time expended and the rate at which

fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). The amount of attorney's fees must be reasonable and "shall be based upon prevailing market rates for the kind and quality of the services furnished." 28 U.S.C. § 2412(d)(2)(A). The statute sets a cap of $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* The plaintiff bears the burden of proving the reasonableness of the time worked and the hourly rate claimed under the EAJA. 28 U.S.C. § 2412(d)(1)(B); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

The Commissioner argues that this was a routine appeal involving physician opinions and the ALJ's consideration of plaintiff's activities. Because the ALJ found plaintiff disabled between January 1, 2004, and January 31, 2005, the Commissioner suggests there was no need to prove that a disability existed. Further, the Commissioner argues that "many courts have concluded that Social Security disability cases litigated in the district courts typically required about twenty to forty hours of time." *See Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 420 (6th Cir. 1990); *Chandler v. Sec'y of Health & Human Servs.,* 792 F.2d 70, 73 (6th Cir. 1986); *Surge v. Massanari*, 155 F. Supp. 2d 1301, 1304-05 (M.D. Ala. 2001); *Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214, n. 2 (C.D. Cal. 2000).

The court finds that plaintiff has met her burden in this case. There is no dispute that plaintiff filed a timely motion as the prevailing party, and that the position of the Commissioner was not substantially justified. Moreover, there are no special circumstances that would make the award unjust, and plaintiff has supported her request

2

for an increased hourly rate with the affidavit of counsel, a statement and description of hours, the Consumer Price Index, and a calculation of annual CPI increases, annual EAJA rates, and attorney fees by years. Specifically, Attorney Traver calculated the annual percentage increase in CPI-U from 1996 to 2010, 2011, and 2012, using a ratio of the relevant increase times the 1996 EAJA base rate. Attorney Traver also created a chart comparing operating costs in 1996 and 2010.

With respect to the number of hours billed, this court has thoroughly reviewed the hours and the description of how the time was spent. It is mindful that the Commissioner agreed eventually to a remand, but not until the plaintiff had filed a twenty-one page brief and a ten-page reply. Indeed, the Commissioner conceded no issues in his brief in opposition and argued to this court that "responding to plaintiff's arguments will require a detailed discussion of many of the medical reports of record." On remand, the parties' joint motion to remand provided for the reassessment of the opinions of a number of physicians of record, a reassessment of plaintiff's credibility and residual functional capacity, and a reevaluation of the vocation evidence in the record. Because the Commissioner launched a vigorous defense before conceding to a comprehensive remand, the court questions the Commissioner's suggestion that this case was "routine" or otherwise presented "standard issues." Plaintiff's counsel reasonably and appropriately represented his client and thereby devoted the 50.30 hours to this case for which he should be compensated. Now, therefore,

IT IS ORDERED that plaintiff's motion for attorney's fees is granted. An award of attorney's fees in the sum of $8,918.50 shall be paid to plaintiff and not her attorney and can be offset to satisfy pre-existing debts that the litigant owes the United States under

3

*Astrue v. Ratliff*, 130 S. Ct. 2521 (2010). If counsel for the parties verify plaintiff owes no pre-existing debt subject to offset, the defendant shall direct that the award be made payable to plaintiff's attorney pursuant to the EAJA assignment signed by plaintiff and counsel.

    Dated at Milwaukee, Wisconsin, this 21st day of December, 2012.

                                                BY THE COURT

                                                /s/ C. N. Clevert, Jr.
                                                C. N. CLEVERT, JR.
                                                U. S. DISTRICT JUDGE